## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>ANWAR ABDULLA and<br>SEENI ANWAR,<br><br>                    Debtor | Chapter 11<br>Case No. 08-16802-FJB |

### MEMORANDUM OF DECISION AND ORDER ON
### DEBTORS' MOTION FOR USE OF CASH COLLATERAL AND
### MOTION OF WASHINGTON MUTUAL BANK FOR RELIEF FROM STAY

Four months into this chapter 11 case, Washington Mutual Bank ("WMB"), which holds a mortgage on the debtors' two contiguous apartment buildings ("the Property"), seeks relief from the automatic stay to foreclose its mortgage. The debtors, Anwar Abdulla and Seeni Anwar, seek authority to use WMB's cash collateral, the rents generated by the nine currently-occupied units. Having held an evidentiary hearing on both motions, and for the reasons set forth below, the Court will deny relief from stay, grant authority to use cash collateral for approximately sixty days, and require that a plan be filed within ten days, with its confirmability to be adjudicated within sixty days.

**Motion for Relief from Stay**

In its written motion, WMB seeks relief from stay on three grounds. Under 11 U.S.C. § 362(d)(1), it seeks relief from stay for cause, particularly lack of adequate protection of its interest in the Property. The parties agree that the amount of the debt exceeds $2.1 million, that the fair market value of the property is $1.9 million, and that liquidation value is approximately $1.5 million. WMB contends that its interest in the collateral is not adequately protected for a variety of reasons: that the Property is depreciating in value, that it is being mismanaged and poorly maintained, and that the Property does not at present generate sufficient income to

address even routine maintenance issues as they arise, such that deterioration is inevitable. WMB bears the burden of proving its lack of adequate protection and has not sustained that burden. It has adduced insufficient evidence of depreciation, mismanagement, or poor maintenance; indeed the condition of the Property only improved over the period as to which WMB offered evidence. The debtors reside at the Property and provide much maintenance themselves. They have owned the property, in whole or in part and through a trust, for about fifteen years. Moreover, the parties have agreed that since the loan closing with WMB, the debtors have made major renovation to two of the units and minor improvement and repairs to the other units. At present, the debtors have limited income with which to address maintenance issues, but the debtors have a credible plan to lease at least two of the three vacant units within the next sixty days. Based on the testimony of Debtor Anwar Abdullah, this would substantially enhance the rents, generating additional monthly cash flow of between $3,000 and $4,000, and thereby enhance the debtors' maintenance budget, WMB's cash collateral (most of which the debtors propose to turnover to WMB), and the value of the apartment complex as a whole. The court concludes that WMB has not at this point in the proceeding shown cause under § 362(d)(1).

WMB contends that it is entitled to relief under § 362(d)(4) because, on the eve of bankruptcy, the debtors transferred the apartment complex from the trust to which it then belonged to themselves and a third-party as tenants in common, in proportion to the beneficial interests each had held in the trust. The debtors admit the fact and timing of the transfer and acknowledge that the transfer was intended to bring the Property into bankruptcy protection upon their bankruptcy filing; however, they deny that their intent was to hinder, delay, and defraud WMB and that their actions constituted a scheme to those ends. Section 362(d)(4) of the

Bankruptcy Code requires the court to grant relief from the automatic stay as it applies to acts against real property by a creditor whose claim is secured by that property if the court finds that the bankruptcy filing "was part of a scheme to delay, hinder, and defraud creditors that involved . . . transfer of all or part ownership of . . . such real property without the consent of the secured creditor or court approval." 11 U.S.C. § 362(d)(4)(A). As Judge Hillman held in *In re Gould,* 348 B.R. 78, 80 (Bankr. D. Mass. 2006), the use of the conjunctive in "delay, hinder, *and* defraud" requires proof that the scheme served all three purposes. WMB has adduced no evidence that the debtors, by the transfer and bankruptcy filing, somehow defrauded or schemed to defraud WMB. WMB merely argues that the court may infer fraud from all the circumstances. Nor is it even clear that these acts were intended to, or served to, hinder and delay WMB. Indeed, WMB entered into a cash collateral stipulation with the debtors, albeit without waiver of its right to object to such use in the future. This is also not a repeat filing scenario in which a debtor with no intent to repay the debt through bankruptcy nonetheless filed a petition solely for hindrance and delay. It is clear from the testimony at the hearing that these debtors filed their chapter 11 petition with intent to repay the WMB obligation as chapter 11 permits and requires. The filing of a bankruptcy petition with such intent is not, per se, hindrance or delay within the meaning of the statute.

  WMB's strongest argument is under subsection (d)(2). It is undisputed that the debtors lack equity in the Property. Relief from stay must enter under § 362(d)(2) as to an act against property if the debtor lacks equity in the property and the property is not necessary to an "effective reorganization," meaning a reorganization in prospect within a reasonable time. The debtors bear the burden of proof on the latter issue. 11 U.S.C. § 362(g)(2). They have outlined more than one scenario for a plausible reorganization, and they expect to file a plan in the near

future.  No plan has as yet been fully articulated, much less tested under § 1129, and confirmation of a plan is far from assured.  On the other hand, WMB has articulated no hard and fast reason why any plan must necessarily fail.  WMB states that its unsecured claim would control the class of unsecured creditors and deprive the debtors of the accepting impaired class required by § 1129(a)(10), but it is by no means clear that the debtors could not separately classify this claim, especially in light of evidence that WMB entered into this loan in violation of its own underwriting standards, with knowledge that the rent roll might well be insufficient to service this debt.  The court makes no final determination at this juncture on any issue of classification or confirmation but does conclude that the debtor has demonstrated, to an extent appropriate to this stage of the case, a reasonable likelihood of a successful reorganization within a reasonable time.   Relief from stay will therefore be denied, but with the expectation that a plan will be filed within ten days of this order and its confirmability determined within sixty days.

**Motion for Use of Cash Collateral**

The debtors have moved for authority to continue to use a portion of the rents generated by the Property.  The monthly rents on the nine units that are rented currently presently total $11,950.  As adequate protection for such use, the debtors would (i) give WMB a replacement lien on new cash collateral as it is generated, to the extent of diminution in value of the cash collateral, (ii) pay WMB from existing rents $8,000 per month plus 75 percent of rents from presently vacant apartments as they are leased, (iii) maintain insurance on the property, and (iv) pay real estate taxes on the property as they arise.  The debtors propose to use the retained rents entirely for payment of insurance and taxes and maintenance of the Property.  In addition, they seek leave to set aside $25,000 from the rents for payment of counsel's fees, but only after two

of the three vacant units are rented and subject to an amount to be determined by this court.

WMB opposes the motion. While WMB argues that its interest in the apartment complex as a whole would not be adequately protected, it does not contend that its interest in the cash portion of the collateral would not be adequately protected. Rather, it argues only that monthly payments to WMB should total at least the amount that the debtor would be obligated to pay under § 362(d)(3)(B)(ii) to stave off relief from stay, which amount WMB argues is $10,300.

The Court disagrees. A debtor must commence making the payments required by § 362(d)(3)(B) "not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine within such 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, *whichever is later*." 11 U.S.C. § 362(d)(3)(B) (emphasis added). Subsection 362(d)(3)(B) applies only if the debtors' two apartment buildings constitute "single asset real estate" as defined in 11 U.S.C. § 101(51B). The parties disagree on this issue, but neither party has moved for a determination of the issue or of the applicability of § 362(d)(3)(B).[1] It follows that the debtors cannot yet be obligated to make the payments specified by § 362(d)(3)(B)(ii).[2]

The Court finds that the protection that the debtors offer would adequately protect WMB's interest in the rents. The court will authorize the use of cash collateral for maintenance of the building for a period of sixty days and schedule a hearing on further use thereafter. At that juncture, the court will also address the debtors' request for leave to set aside $25,000 from the

---

[1] WMB indicated in its motion for relief that it was not proceeding under § 362(d)(3), but expressly reserved its rights to do so.

[2] Moreover, the payments required by that paragraph are not in the amount of interest (at the contractual nondefault rate) owing under the agreement between the parties: that is, nondefault interest on the principal balance. Rather, it is in the amount of nondefault interest "on the value of the creditor's interest in the real estate." 11 U.S.C. § 362(d)(3)(B)(ii).

5

rents for payment of counsel's fees, provided two of the three vacant units have by then been rented.

## **ORDER**

For the reasons set forth above, the Court hereby ORDERS as follows:

1. The Motion of Washington Mutual Bank for Relief from Stay is hereby denied without prejudice to renewal on or after April 1, 2009.

2. The Debtors' Motion for Use of Cash Collateral is hereby granted as follows: the debtors are hereby authorized to use cash collateral, on the terms set forth in its motion and outlined above, for maintenance of the Property to and including April 14, 2009. The proposed grant of adequate protection, including a replacement lien, is hereby approved.

3. The Debtor shall file its plan of reorganization and disclosure statement on or before February 17, 2009. By the same deadline, the debtors shall serve the disclosure statement and notice of its objection deadline and hearing date and file a certificate of such service.

4. The Court will hold a hearing on approval of the disclosure statement on March 10, 2009, at 1:30 p.m. Objections to the disclosure statement shall be filed on or before March 5, 2009. The notice period in FEDERAL RULE OF CIVIL PROCEDURE 2002(b) is hereby shortened accordingly.

5. The Court will hold a hearing on confirmation of the plan of reorganization on April 14, 2009, at 1:30 p.m. The hearing will be evidentiary. Objections to confirmation shall be filed by April 10, 2009, at 12:00 noon.

6. The Court will hold a continued evidentiary hearing on the Debtor's Motion for Use of Cash Collateral, to consider further use after the period of use authorized by this order, on April 14, 2009, at 1:30 p.m.  In conjunction with that hearing, the debtor shall file, on or before April 9, 2009, a comparison of actual to projected cash flow for the period of this order and a proposed budget for cash collateral use over the succeeding 90-day period.

7. Provided Washington Mutual Bank files a renewed motion for relief from the automatic stay on or before April 1, 2009, the Court will hold a final evidentiary hearing on that motion on April 14, 2009, at 1:30 p.m.  Objections to that motion shall be filed by April 10, 2009, at 12:00 noon.

Date:  February 6, 2009

_____
Frank J. Bailey
United States Bankruptcy Judge